IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FLORENCE E. SCOTT, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: WDQ-09-3239 |
| PNC BANK CORP. & AFFILIATES LONG TERM DISABILITY PLAN, | * | |
| | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the Amended Motion Requesting Attorney's Fees and Costs, ECF No. 56, that Plaintiff Florence E. Scott filed, along with a Memorandum in Support, ECF No. 56-1; and the Opposition to Plaintiff's Amended Motion for Attorney's Fees and Costs, ECF No. 58, that Defendant PNC Bank Corporation and Affiliates Long Term Disability Plan ("the Plan") filed.[1] Plaintiff has not filed a reply, and the time for doing so has passed. *See* Loc. R. 105.2. Having reviewed these filings, I have determined that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons stated herein, I recommend that Plaintiff's Amended Motion Requesting Attorney's Fees and Costs be DENIED.

   I.   **FACTUAL AND PROCEDURAL HISTORY**

The factual and procedural history of this action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, as well as the standard of review for a motion for attorney's fees and costs, appear at length in my June 28, 2011 Report

---

[1] On May 6, 2011, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Quarles referred this case to me to provide a Report and Recommendation on Plaintiff's Motion. ECF No. 47.

and Recommendation, ECF No. 55. There, I concluded that "Plaintiff has achieved a sufficient degree of success on the merits to be eligible for attorney's fees." Rept. & Recom. 17. However, I did not determine whether an award of attorney's fees would be appropriate, because Plaintiff had not addressed the five factors that this Court considers in awarding—or denying—attorney's fees in ERISA actions. *Id.* at 17-18. I recommended that Plaintiff's motion be denied without prejudice and that Plaintiff be permitted to file an amended motion addressing the five factors identified in *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1029 (4th Cir. 1993). *Id.* at 18. The Court adopted my Report and Recommendation, ECF No. 57; Plaintiff filed her amended motion addressing the *Quesinberry* factors; and Defendant filed its opposition.

## II. DISCUSSION

In an ERISA action, the Court has discretion to award "a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The factors that the Court addresses when considering a motion for attorney's fees pursuant to 29 U.S.C. § 1132(g)(1) are:

(1) [the] degree of opposing parties' culpability or bad faith;

(2) [the] ability of opposing parties to satisfy an award of attorneys' fees;

(3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;

(4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and

(5) the relative merits of the parties' positions.

*Quesinberry*, 987 F.2d at 1029 (quoting the "five factor test to guide the district court's exercise of discretion in awarding attorneys' fees under ERISA" from *Reinking v. Phila. Am. Life Ins. Co.*, 910 F.2d 1210, 1217-18 (4th Cir. 1990)). These factors are "general guidelines," rather than a "rigid test," and "'[n]o one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address

2

in applying section 502(g) [1132(g)].'" *Id.* (quoting *Iron Workers Local # 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980)). Moreover, the Court "must also bear in mind the remedial purposes of ERISA to protect employee rights and to secure effective access to federal courts." *Id.* Nonetheless, "fees are available only in 'unusual case[s].'" *Cross v. Fleet Reserve Ass'n Pension Plan*, No. WDQ-05-0001, 2010 WL 3609530, at *3 (D. Md. Sept. 14, 2010) (quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 422 (4th Cir. 1993)); *see Am. Med. Sec., Inc. v. Larsen*, 31 F. Supp. 2d 502, 505 (D. Md. 1998) ("In contrast to the fee shifting rule prevalent in civil rights cases under 42 U.S.C. § 1988, there is no presumption in an ERISA case that a successful plaintiff is entitled to attorneys' fees and expenses. Only unusual circumstances justify such an award in an ERISA case.") (citations omitted).

1. **Culpability or Bad Faith Actions**

Noting that the Court "clearly found [the Plan] to be culpable in refusing to credit the Claimant's reliable evidence," Plaintiff argues that "the failure of the Plan to do what was required [in order] to do a full and fair review is a clear indicator of culpability." Pl.'s Am. Mot. 3-4 (citing Feb. 15, 2011 Mem. Op. ("Mem. Op.") 12-14, ECF No. 40). Defendant counters that its "defense was 'meritorious' and that it did not engage in 'bad faith litigation.'" Def.'s Opp'n 9. There is no suggestion that the Plan acted in bad faith. *See* Pl.'s Am. Mot. 3-4. Therefore, the question before the Court is whether the Plan's actions were culpable.

Culpability requires less than bad faith but "'more than mere negligence or error.'" *Linck v. Arrow Electronics, Inc.*, No. AW-07-3078, 2010 WL 2473267, at *3 (D. Md. June 14, 2010) (quoting *Carolina Care Plan Inc. v. McKenzie*, 467 F.3d 383, 390 (4th Cir. 2006)). Thus, the party must do more than misinterpret evidence, because a misinterpretation of evidence

"constitutes error, not culpability." *Id.* A plan administrator's actions rise to the level of culpability if they "significantly deprive[] a claimant of a fair review of ERISA benefits." *Id.*

*Clark v. Metropolitan Life Insurance Co.*, 384 F. Supp. 2d 894 (E.D. Va. 2005), illustrates a case in which the claimant did not receive a fair review due to the plan administrator's actions. There, Clark applied for accidental death and dismemberment benefits following her husband's death, MetLife denied both the claim and Clark's appeal, and Clark filed an ERISA action. *Id.* at 896. The court found that "MetLife did not conduct a full and fair review of the claim on appeal and made its benefits determination based on an inadequate record," without fully investigating the circumstances of Clark's husband's death. *Id.* at 897. The court "remanded the case . . . for a new benefits determination," after denying MetLife's motion for summary judgment and denying in part Clark's motion for summary judgment. *Id.* at 896-97. The court granted Clark's summary judgment motion only insofar as she stated a claim for a "full and fair review." *Id.* at 897. On Clark's motion for attorney's fees, the court concluded that the first *Quesinberry* factor favored an award of attorney's fees, reasoning that "MetLife was culpable because Clark was unable to obtain a full and fair review of her claim without first filing a lawsuit." *Id.* at 900.

Here, the Court found that the Plan failed "to address adequately Scott's evidence or contact Dr. Brager" to complete its investigation of the claim. Mem. Op. 19 (quoting Admin. Rec.). It denied the parties' cross-motions for summary judgment and remanded the case for the Plan to provide "the 'full and fair review' ERISA requires," because the Court concluded that "the decision to credit [the independent orthopedic surgery specialist] over Scott's treating physician may have been an abuse of discretion." *Id.* at 15, 18-19. Crediting one expert's testimony over another "constitutes error, not culpability." *Linck*, 2010 WL 2473267, at *3. But,

the Plan's failure to contact Dr. Brager and complete its investigation left Plaintiff without a full review of her claim. Indeed, Plaintiff had to file this suit to receive a full and fair review of her claim. *See* Mem. Op. 19. Therefore, the Plan was culpable, not simply negligent or erroneous. *See Linck*, 2010 WL 2473267, at *3; *Clark*, 384 F. Supp. 2d at 900. However, given that the Court did not conclude definitively that the Plan had abused its direction, and that there is no suggestion of bad faith, the degree of Defendant's wrongdoing is minimal. Therefore, this factor only slightly favors an award of attorney's fees.

### 2. Defendant's Ability to Satisfy a Fee Award

The Plan "has the ability to satisfy an award of attorneys' fees." Def.'s Opp'n 11. Thus, this factor weights in favor of an award of attorney's fees.

### 3. Deterrent Effects of Fee Award

Plaintiff predicts that awarding attorney's fees to her may "act as a deterrent to the administrators of the Plan not to act so cavalierly in denying benefits to a claimant who had clearly made out a *prima facie* case to disability benefits." Pl.'s Am. Mot. 5. Defendant argues that, because it, "at all times, acted in good faith and there is absolutely no evidence that it engaged in conduct that was reprehensible[,] . . . there is simply no conduct to deter with an award of attorney's fees here." Def.'s Opp'n 12.

As in *Clark*, "an award of attorneys' fees would deter other plan administrators from failing to provide a full and fair review." *Clark*, 384 F. Supp. 2d at 900. However, the degree of bad faith by the party against whom fees would be awarded is "closely related" to the effectiveness of the award as a deterrent. *Larsen*, 31 F. Supp. 2d at 506 ("The third factor—the deterrent effect of a fee award on other plan administrators—is one that is likely to have more significance in a case where the defendant is highly culpable than in a case such as this one.

Honest mistakes are bound to happen from time to time, and fee awards are likely to have the greatest deterrent effect where deliberate misconduct is in the offing.") (quoting *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 937 (6th Cir. 1996)). Because the Plan's degree of culpability or bad faith is minimal, this factor also only slightly favors an award of attorney's fees.

### 4. Benefits to Others of a Judgment in Plaintiff's Favor; Resolution of a Significant ERISA Law Question

Plaintiff identifies the issues in Plaintiff's case as whether the Plan properly evaluated Plaintiff's claim, and she argues that these issues are "systemic issues," the resolution of which "should be of benefit to all participants and beneficiaries of the Plan." Pl.'s Am. Mot. 5. She does not allege that the suit resolved a significant legal question regarding ERISA. *See id.* According to Defendant, "[a]n award of attorney's fees and costs to Plaintiff in this case would only benefit Plaintiff, while depleting Plan funds . . . or diverting them from all other Plan participants and beneficiaries, not conferring any common benefit to them." Def.'s Opp'n 12.

In her Complaint, Plaintiff sought a declaratory judgment of her "rights under the LTD Policy and Defendant's duties and obligations to Plaintiff thereunder," as well as "judgment against the Defendant for such amount as the trier of fact may determine Plaintiff to be entitled to for accrued benefits under the LTD Policy . . . ." Compl. 1-2, ECF No. 1. As the *Clark* court observed under similar circumstances, Plaintiff "seeks to benefit herself only." *Clark*, 384 F. Supp. 2d at 901. Because others would not benefit from the relief Plaintiff sought, and because the case does not resolve a significant ERISA law question, this factor weighs against an award of attorney's fees.

6

### 5. The Relative Merits of the Parties' Positions

Plaintiff insists that she "demonstrated a significant degree of success on the merits" because she "achieved the desired result sought from the filing of this case – that there had been an abuse of discretion by the Plan administrator in the denial of the claim of Ms. Scott." Pl.'s Am. Mot. 2. In Defendant's view, "Plaintiff has not achieved success on her claim" because the Court did not award the relief Plaintiff sought, namely, a "'judgment against the Defendant for such amount as the trier of fact may determine Plaintiff to be entitled to for accrued benefits under the LTD policy.'" Def.'s Opp'n 4 (quoting Compl. 2-3).

It is true that Plaintiff achieved sufficient success on the merits to be eligible for attorney's fees. However, the Court did not grant Plaintiff the relief she sought by entering a judgment in Plaintiff's favor; instead, it remanded the case to the Plan administrator. Therefore, Plaintiff's success was not significant, because it resulted in a reevaluation by the Plan administrator, but not an award of ultimate relief by the Court. *See Grooman v. Nw. Mut. Life Ins. Co.*, No. WMN-01-521, 2003 WL 403349 (D. Md. Jan. 8, 2003) (concluding that "Plaintiff did not, in any *significant* manner, prevail on the merits," because he recovered less than $3,000 of the $200,000 he sought and "achieved only a small portion of the outcome sought when he prevailed on a single discrete issue") (emphasis added). *Contra Johannssen v. Dist. No. 1 – Pac. Coast Dist.*, No. AMD-96-2355, 2001 WL 770987, at *3 (D. Md. July 10, 2001) ("The fifth factor, the relative merits of the parties' positions, clearly favors plaintiffs, who obtained one hundred percent of the relief they requested."). Moreover, the Court's remand order did not guide the administrator toward awarding long-term disability benefits to Plaintiff. It could not be said that the outcome of the case "was the catalyst in securing benefits for [Plaintiff] and in correcting [Defendant's] original error." *See Flores v. Life Ins. Co. of N. Am.*, 770 F. Supp. 2d

768, 776 (D. Md. 2011). Indeed, on remand, the Plan administrator did not award benefits to Plaintiff. Recons. 5, ECF No. 53.

Defendant's position with respect to this factor is more meritorious than Plaintiff's. Although the Plan had to reconsider Plaintiff's claim and perform a full investigation, ultimately, it did not award benefits to Plaintiff. Thus, the merits of Defendant's position (that it owed no benefits to Plaintiff) significantly outweighs Plaintiff's position (that the Plan should have paid her benefits), as no benefits were awarded to Plaintiff in the end. This factor weighs strongly against an award of attorney's fees.

### 6. Balancing the Factors

The first and third factors—the "degree of opposing parties' culpability or bad faith" and "whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances," *Quesinberry*, 987 F.2d at 1029—weigh slightly in favor of an attorney's fees award. The second factor—the "ability of opposing parties to satisfy an award of attorneys' fees," *id.* —weighs in favor of an award of attorney's fees. The fourth and fifth factors— "whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself" and "the relative merits of the parties' positions," *id.*—weigh decidedly against an attorney's fees award. Although support exists for both outcomes, the Court is mindful that "fees are available only in 'unusual case[s].'" *Cross*, 2010 WL 3609530, at *3 (quoting *Custer*, 12 F.3d at 422). These are not the "unusual circumstances" that "justify such an award in an ERISA case." *See Larsen*, 31 F. Supp. 2d at 505. Therefore, I recommend that the Court DENY Plaintiff's amended motion for attorney's fees.

## III. CONCLUSION

For the reasons stated herein, I recommend that, following the period in which objections to this Report and Recommendation may be filed, the Court DENY Plaintiff's Amended Motion Requesting Attorney's Fees and Costs.

The parties have fourteen (14) days in which to file objections to this Report and Recommendation pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Dated: August 9, 2011                              /s/
                                                   Paul W. Grimm
                                                   United States Magistrate Judge

lyb